IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| DWAYNE DELESTON, #96350-071 | ) ) | Criminal No.: 2:99-751-18 Civil No.: 2:02-3895-18 |
| Petitioner, | ) ) | |
| -vs- | ) ) | **ORDER AND OPINION** |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

Petitioner ("Deleston") has requested this court to vacate and/or alter his conviction and sentence pursuant to Title 28, United States Code, Section 2255 in a "Supplemental Motion to Vacate, Set Aside, or Correct Sentence in Support of **28 U.S.C. §2255** Petition" which was filed on December 20, 2004. The Government responded to Deleston's petition on February 18, 2005 and moved to dismiss it. A Roseboro order was filed on February 28, 2005 and Deleston has filed his responses thereto. Therefore, this matter is ripe for resolution.

## HISTORY

On November 10, 1999, Deleston and numerous co-defendants were charged in a multi-count indictment with conspiracy to distribute and possession with intent to distribute cocaine and crack cocaine. Numerous substantive counts were also set forth in

1

that same indictment. Petitioner was arrested on December 9, 1999, and arraigned the same date.

On or about February 9, 2000, a superseding indictment was issued by the grand jury. Once again, Deleston and his co-defendants were charged with conspiracy to distribute and possession with intent to distribute cocaine and crack.

On August 10, 2000, a second superseding indictment was issued by the grand jury charging Donald Williams and Deleston. Count 1 of the second superseding indictment charged that Williams and Deleston were part of a conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of crack. Counts 2 and 3 of the second superseding indictment charged Deleston with substantive offenses of possession with intent to distribute cocaine and/or crack.

A motion to suppress was filed by petitioner. A suppression hearing was held before the undersigned on October 2, 2000. After his motion to suppress was denied, Deleston entered a conditional guilty plea.

On January 24, 2001, Deleston was sentenced to 240 months of incarceration and he appealed. On November 30, 2001, the Fourth Circuit affirmed Deleston's conviction and sentence. On December 26, 2001, the Mandate was issued.

On January 2, 2002, Deleston filed his first motion to vacate his conviction and sentence. The first motion requested relief under 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 1651(a). In response, the government moved to treat this motion as a motion under § 2255 and to dismiss. In an Order filed May 9, 2002, this court dismissed the motion.

On May 24, 2002, Deleston filed a Motion Requesting Certificate of Appealability. On August 8, 2002, this court denied petitioner's motion. On August 19, 2002, Deleston filed a Notice of Appeal. At that time, his case was pending in this court. On January 21, 2003, this court issued an Order holding petitioner's case in abeyance until a decision was reached in United States v. Donald Williams, No.: 01-6023.

In his second Petition under § 2255, petitioner alleged numerous grounds of ineffective assistance of counsel. The government moved to have this motion dismissed as successive. This court issued an Order on April 1, 2003, dismissing the second petition as successive. Deleston appealed.

The Fourth Circuit issued its opinion in this matter on November 24, 2004. See, *United States v. Deleston,* 116 Fed. Appx. 454, 2004 WL 2677050 (4th Cir. (S.C.) Nov. 24, 2004) wherein it vacated and remanded the case to this court.

On December 20, 2004, petitioner filed a "Supplemental Motion to Vacate, Set Aside, or Correct Sentence in Support of **28 U.S.C. §2255** Petition" Filed November 18, 2002" (Emphasis Added). In his present and second Petition under § 2255, Deleston alleges numerous grounds of ineffective assistance of counsel which are summarized as follows:

(1) The Petitioner's vehicle was unlawfully stopped on October 10, 1998, and evidence unlawfully obtained.

(2) Petitioner's sentence was imposed in violation of due process of law.

(3) The enhancement pursuant to 21 U.S.C. §851 was improper.

(4) Use of a crack cocaine conviction from July 16, 1997, violated prohibition against "double counting."

3

(5)   The one point enhancement imposed under USSG 4A1.1 was invalid.

(6)   Attorney J. Seth Whipper had an actual conflict of interest as he was a member of the South Carolina House of Representatives at the time he represented the Petitioner.

## ANALYSIS

### § 3582 CLAIMS

To the extent that Petitioner is before the court pursuant to 18 U.S.C. §3582, his claims are without merit. Title 18, United States Code, Section 3582, does not apply to this case.

Subsection (a) of §3582 deals with factors that the district court must consider in imposing a sentence. Petitioner's sentence was imposed on January 24, 2001, and the record reveals that these factors were clearly considered.

Subsection (c) allows a district court to modify a sentence in three circumstances: (1) upon a motion of the Director of the Bureau of Prisons to reduce sentence; (2) on a motion under F.R.Crim.P. 35; and, (3) when a defendant has been sentenced to a Guideline range that has been subsequently "lowered." It is abundantly clear that none of these factors apply.

Subsection (d) allows a district court limit the defendant's contact with persons if the defendant is convicted of certain "racketeering" or drug offenses. This factor does not apply to Deleston.

Subsection (b) is the only provision that could conceivably be read to apply to the Petitioner. Subsections (b)(1) and (b)(3) clearly do not apply. Subsection (b)(2) considers

the application of 18 U.S.C. §3742. Section 3742 only applies in four narrow circumstances: (1) if the sentence was imposed in violation of the law; (2) if the sentence was imposed as a result of an incorrect application of the sentencing guidelines; (3) if the sentence is greater than that specified in the applicable guideline range; or, (4) if the sentence was imposed for an offense for which there is no sentencing guideline and is "plainly unreasonable." Again, the record before this court conclusively demonstrates that none of these factors apply in Deleston's case.

## § 2255 CLAIMS

Deleston raises issues of ineffective assistance of counsel, as well as issues which were or should have been raised at the trial level or on appeal.

In addressing issues concerning the ineffectiveness of counsel, the Supreme Court of the United States has set forth a two-pronged test which was announced in Strickland v. Washington, 466 U.S. 668 (1984). See also, Matthews v. Evatt, 105 F.3d 907, 918-921 (4th Cir. 1997). The first prong of the Strickland test relates to professional competence. In order to satisfy this prong, Deleston must show that his attorney's representation was deficient and that it fell below "an objective standard of reasonableness." Id. at 687-691. The Supreme Court and the Fourth Circuit have emphasized that in making this determination, there is a presumption that trial counsel's conduct was within the wide range of reasonable professional assistance credited to attorneys representing criminal defendants. Id. at 689. See also, Matthews, supra.; Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297-1299 (4th Cir.), *cert. denied*, 506 U.S. 885 (1992); Roach v. Martin, 757 F.2d 1463, 1476

(4th Cir.), *cert. denied*, 474 U.S. 865 (1985); and Hutchins v. Garrison, 724 F.2d 1425, 1430, 1431 (4th Cir. 1983), *cert. denied*, 464 U.S. 1065 (1984).

In order to show that the second prong of the Strickland test has been violated, Deleston must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

These prongs of the Strickland test are often referred to as the "performance prong" and the "prejudice prong." Fields, 956 F.2d at 1297. Furthermore, both the Supreme Court and the Fourth Circuit have held that "[t]he defendant bears the burden of proving Strickland prejudice," Fields, 956 F.2d at 1297, and if the defendant does not meet this burden, then "a reviewing court need not consider the performance prong." Id. at 1297. See also, Strickland, 466 U.S. at 697; and Hutchins, 724 F.2d at 1430-1431.

Since Deleston pled guilty, he has an even higher burden to satisfy. See, Hill v. Lockhart, 474 U.S. 52, 53-59 (1985); Fields, supra.; and Hooper v. Guarraghty, 845 F.2d 471, 475 (4th Cir.), *cert. denied*, 488 U.S. 843 (1988). In Hooper, the Fourth Circuit set forth the defendant's additional burden following a guilty plea as follows:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Emphasis added.)

Id., 845 F.2d at 475. **Accord**, Hill v. Lockhart and Fields, supra.

6

When, a district court reviews a post-guilty plea claim of ineffective assistance of counsel, it is appropriate to consider statements made at the guilty plea, especially if these statements are made under oath. The Fourth Circuit has held, as has the United States Supreme Court, that such statements made under oath, such as those made at a Rule 11 proceeding, are binding upon the defendant in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, and Blackledge v. Allison, 431 U.S. 63, 74-75 (1977).

The rule of Strickland v. Washington, *supra*., is also applicable at the sentencing phase of a federal criminal trial. United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010 (2000) and United States v. Breckenridge, 93 F.3d 132 (45th Cir. 1996). In Breckenridge, the Fourth Circuit followed the two prong test originally set forth in Strickland. Thus, Deleston not only has the burden to affirmatively establish Mr. Whipper's defective performance, but he must also establish and prove that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Breckenridge, 93 F.3d at 136. Citing Strickland, 466 U.S. at 688. The Fourth Circuit has generally not viewed with favor claims by defendants that they were misadvised by their attorneys regarding the application of sentencing guidelines. United States v. Lambey, 974 F.2d 1389 (4th Cir. 1992) and United States v. Foster, 68 F.3d 86 (4th Cir. 1995). It would appear, after reviewing Lambey and Foster, that if a defendant is properly advised by the court of the possible sentence he/she might receive at the time of the guilty plea, then this cures any erroneous advice which may

7

have been given by counsel. Likewise, a defendant who is properly advised of the possible sentence which he/she may face at arraignment or other court proceeding could also be deemed to be sufficiently advised.

With regard to issues that could be raised at or before trial or plea, and on direct appeal, special rules apply. Deleston has raised a number of issues that do not concern ineffective assistance as such. Most of the issues raised by petitioner could or should have been raised prior to or at the guilty plea. As such, these issues are procedurally barred at this stage. Deleston must overcome a high standard where he/she has committed a "procedural default." See Bousley v. United States, 523 U.S. 614, 621-22 (1998); Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010 (2000); and United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). In order to attack a conviction or sentence on collateral review based on issues that could have been or were raised on direct appeal, one must show "cause and prejudice" or demonstrate a miscarriage of justice. Mikalajunas, 186 F.3d at 493 and Murray, 477 U.S. at 496. Furthermore, any and all claims that are actually raised on direct appeal are barred from relitigation pursuant to 2255 review. See, Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976); United States v. Emmanuel, 869 F.2d 795 (4th Cir. 1989); and United States v. Everette, 39 F.3d 1178 (4th Cir. 1994). As noted above, if certain claims could have been raised on direct appeal but were not, these are also barred under 2255. See also, Stone v. Powell 428 U.S. 465 (1976); Emmanuel; Everette; and Boeckenhaupt, *supra*. Again, all of the claims raised by petitioner were either actually raised on appeal and decided or could

have been raised and were not. Either way, Deleston is barred from raising these claims again in this proceeding.

In light of the "cause and prejudice" test, all of Deleston's claims fail because they were either raised in the trial court below or on appeal, or could have been raised on appeal.

## CLAIM ONE

*The Petitioner's vehicle was unlawfully stopped on October 10, 1998, and evidence unlawfully obtained.*

This matter has been addressed before. It was raised and litigated in a hearing before this court on October 2, 2000. This court denied the motion to suppress. Deleston appealed this issue and presented it to the Fourth Circuit which rejected his argument. See, United States v. Dwayne Deleston, 22 Fed.Appx. 206, 2001 WL 1523354 (4th Cir.(S.C.) Nov. 30, 2001). This issue is barred by the "cause and prejudice" test. It has been addressed thoroughly by this court and the Fourth Circuit and does not merit another review.

## CLAIM TWO

*Petitioner's sentence was imposed in violation of due process of law.*

There is no basis for this allegation. The record shows that petitioner's sentence was imposed in accordance with law and the Due Process Clause of the Federal Constitution. The record at the sentencing, as well as the PSR, totally refute Deleston's claims in this regard.

To the extent Deleston may be raising a Blakely/Booker claim, it is without merit.

9

The decision in <u>Blakely v. Washington</u>, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), does not render Deleston's sentence unconstitutional. Deleston may be contending that <u>Blakely</u> (and implicitly <u>Booker</u>) should be applied retroactively to him and, therefore, that his sentence was unconstitutional.

While the Supreme Court did not explicitly address the retroactivity question in either <u>Blakely</u> or <u>Booker</u>, its decision in <u>Schriro v. Summerlin</u>, --- U.S. ----, 124 S.Ct. 2519, 2526 159 L.Ed.2d 442 (2004), is all but determinative on the issue. In <u>Schriro</u>, the High Court held that <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which applied <u>Apprendi</u> to require that aggravating factors leading to the imposition of a death sentence not otherwise available must be found by a jury beyond a reasonable doubt, was "a new procedural rule that does not apply retroactively to cases already final on direct review". Applying the reasoning set forth in <u>Schriro</u>, the Fourth Circuit has previously held that the extension of the <u>Apprendi</u> rule as announced in <u>Blakely</u> is a rule of criminal procedure that may not be applied retroactively. *See* <u>United States v. Beatty</u>, 103 Fed.Appx. 785, 2004 WL 1759028, *1 (4th Cir., Aug. 5, 2004) (unpublished).

Most recently, following the <u>Booker</u> decision, every federal court to address the issue has relied on the Supreme Court's reasoning in <u>Schriro</u> in holding that, like <u>Apprendi</u> and <u>Blakely</u>, <u>Booker</u> announced a rule of criminal procedure that may not be applied retroactively. *See, e.g.,* <u>McReynolds v. United States</u>, --- F.3d ----, 2005 WL 237642, *2 (7th Cir. Feb. 2, 2005)("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); <u>Green v. United States</u>, ---

10

F.3d ----, 2005 WL 237204, *1 (2d Cir. Feb. 2, 2005)("[N]either Booker nor Blakely apply retroactively to [Petitioner's] collateral challenge"); In re Anderson, --- F.3d ----, 2005 WL 123923, *3 (11th Cir. Jan. 21, 2005) (same; second or successive petition); Gerrish v. United States, --- F.Supp.2d ----, 2005 WL 159642 (D.Me. 2005); Warren v. United States, 2005 WL 165385, *10 (D.Conn. 2005); Tuttamore v. United States, 2005 WL 234368, *1 (N.D. Ohio Feb. 1, 2005); Rucker v. United States, 2005 WL 331336, *1 (D.Utah Feb. 10, 2005). Accordingly, Deleston's collateral attack, if it is based upon Blakely (and implicitly *Booker*), must fail.

## CLAIM THREE

*The enhancement pursuant to 21 U.S.C. §851 was improper.*

The Government filed an enhancement pursuant to 21 U.S.C. §851. The relevant provisions of the enhancement read as follows:

> The United States of America, through its undersigned Assistant United States Attorney, hereby gives notice to the defendant pursuant to Title 21, United States Code, Section 851, thereby notifying the Defendant that she is subject to increased penalties provided by Title 21, United States Code, Section 841 and 846, based on the following conviction: A conviction, and the underlying circumstances thereof, for **Possession of Crack Cocaine (cocaine base)** on or about July 16, 1997; Charleston County; South Carolina.

In addition, the following language was contained in the plea agreement:

> The defendant is aware that the government has filed an enhancement pursuant to 21 U.S.C. §841, et. seq. and 21 U.S.C. §851 alleging <u>one</u> prior felony drug conviction for purposes of calculating the defendant's sentence.

There is no basis for Deleston's claim that the §851 enhancement was improper.

11

### CLAIM FOUR

*Use of a crack cocaine conviction from July 16, 1997, violated prohibition against "double counting."*

The records of the Clerk of Court, the sentencing hearing transcript, and the PSR refute this claim. The concept of "double counting" applies under the USSG when attributing drug amounts to defendants for purposes of relevant conduct. It is not related to the application of enhancements pursuant to 21 U.S.C. §§851 and 841, et. seq. This claim is factually and legally unfounded.

### CLAIM FIVE

*The one point enhancement imposed under USSG 4A1.1 was invalid.*

This matter was fully addressed at Deleston's sentencing hearing and is totally meritless.

### CLAIM SIX

*Attorney J. Seth Whipper had an actual conflict of interest as he was a member of the South Carolina House of Representatives at the time he represented the Petitioner.*

This claim is ludicrous.

THEREFORE, the Government's Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

                s/David C. Norton
                David C. Norton
                United States District Judge

Charleston, South Carolina

May 2, 2005